IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.     ) | **CR. NO. 3:06cr141-MEF** |
| ) | |
| **CLAUDE JEROME WILSON, II** ) | |
| ) | |

**United States Response to Defendant's Motion
to Continue and Allegations of *Brady* Violations**

In requesting a motion for continue, Defendant Claude Wilson engages in an attack on the prosecution in this case, using words like "explosive" and "serious." A review of the facts, however, demonstrate that not only is a continuance not warranted in this case, but the United States has done nothing improper or unethical in this case. The disclosure of information and withdraw of sentencing enhancement was proper, and it benefitted the defendant. The facts are as follows:

1.  On July 14, 2006, a Grand Jury returned an Indictment charging Wilson with being a felon in possession of a firearm. Seven underlying felonies were charged in the Indictment, which included a Georgia State Court conviction for Aggravated Stalking. The prosecuting attorney at that time was Assistant United States Attorney K. David Cooke, Jr. On or about July 27, 2006, AUSA Cooke tendered the initial discovery for this case.

2.  The evidence tendered in this case essentially consisted of Wilson posing for a photograph brandishing a Glock 9mm handgun shortly after Christmas Day, 2004. The photo later was found in the mailbox of a woman, who Wilson had been stalking and was the

subject of the Georgia conviction. Task Force Officer Keith Jordon then went to visit Wilson. Wilson admitted to posing for the picture and to having possessed the gun. He also stated, however, that he did not put the picture in the victim's mailbox. A statement was taken from Wilson's sister, Lisa Graham, who said that she had taken the picture of Wilson, but that the original digital file was missing.

2.	On or about December 19, 2006, this case was reassigned to AUSA Christopher A. Snyder. A plea agreement was then struck, and Wilson entered a plea of guilty. One of the provisions gave Wilson the right to withdraw his plea if the Armed Career Criminal Act applied. Thereafter, Probation Officer Stan Robinson prepared a Presentence Investigation Report (PSI) and applied the Armed Career Criminal Act. Neither party objected to that calculation.

3.	The PSI also indicated that Wilson should receive an additional one-level enhancement for "possessing the gun during a crime of violence." The crime of violence calculated–Alabama aggravated stalking–has been considered a crime of violence under Guidelines.[1] The United States reviewed the case law and the initial facts of this case and agreed that the enhancement should apply. On May 10, 2007, the United States advised Robinson that it had no objections to the PSI. Wilson, however, objected to this enhancement, which the United States received on May 14, 2007.

4.	Knowing that there would be an issue at sentencing, the United States then

---

[1] *See United States v. Tignor*, 414 F.Supp.2d 1070 (M.D. Ala. 2006) (Albritton, J.).

attempted to locate the victim in this case and other witnesses it would need to prove the enhancement. However, because of the incidents related to the alleged stalking in this case, the victim in the case Carol Smith had moved, without the Government's knowledge, to a different location out of a fear that Wilson would again find her. The Government was unable to locate and serve Smith with the subpoena until Saturday, May 26, 2007. The Government was finally able to met with the victim and interviewed her late in the afternoon on Monday, May 29, 2007, at the Lee County Sheriff's Office.

     5.    During the interview, AUSA Snyder reviewed the original evidence with Smith. Prior to that time, AUSA Snyder had not seen the original evidence–it had been in the custody of the Task Force Agent, Keith Jordan, at the Lee County Sheriff's Office. During the interview AUSA Snyder noticed some fingerprint dust on the photos. Upon speaking with Task Force Agent Keith Jordan, he informed AUSA Snyder that he had dusted the pictures for prints, but that he had found no usable prints of anyone on either picture. The next day, May 30, 2007, the United States disclosed this discovery to Wilson.[2] The United States also filed a sentencing memorandum in support of the enhancement that same day, which it had prepared the evening before.

     6.    Wilson then filed a motion to continue, and the parties then had a telephone conference with the Court. In both the Motion and the conference, Wilson argued that the sentencing hearing should be continued because their were new allegations in the sentencing

---

[2] *See* Ex. A (attached)

memorandum and because Wilson wanted to consider his options of whether to withdraw his plea. To the best of the Government's recollection, Wilson made no mention was of the fingerprint issue, and the Court did not consider it as a reason of whether or not to grant the continuance.

7.    The Court granted the continuance on May 30, 2007, and rescheduled the sentencing hearing for August 8, 2007.

8.    Sometime the week of June 4, 2007, Wilson's counsel contacted the Government and requested the phone number and location of Smith.[3] Wilson argued that she had a right to know where this witness was located. Out of a sense of cooperation and fairness, rather than out of any legal requirement, the Government agreed to have one of the ATF agents in this case contact Smith in order to ask her if she would like to speak with defense counsel. On June 21, 2007, the agent was able to reach Smith. After the agent reached her, the agent explained Wilson's request and told Smith that it was up to her whether she wanted to speak with Wilson's counsel. Smith refused.

9.    Approximately one to two weeks later, Government Counsel received a phone call from one of the ATF agents in this case. The agent relayed that she been left a telephone message from Smith. In the message and through later conversations with Smith, the Agent learned that defense counsel and an investigator with her office had gone to Smith's teenage

---

[3] *See* Ex. B (attached).

daughter's house.[4] Smith stated defense counsel or her agent told asked her teenage daughter to call Smith. The daughter did, and Smith again told the defense counsel, through her daughter, that she did not want to speak with the defense counsel. Smith then stated that either defense counsel or her agent repeated stated that she might as well talk them with now because she would have to talk to them in Court anyway. Smith stated that she did not want to talk with Wilson's representatives, but eventually did because she felt like she had no choice, given the way that they had arrived at her daughter's house and in light of the way they spoke with her.

10.     Sometime during either the week of July 9th or 16th, Wilson's counsel then contacted the Government. In that telephone conversation, Wilson offered to withdraw her objection to sentencing enhancement, if the Government would agree to a sentence of 188 months and not present any evidence relating to the enhancement issue. AUSA Snyder told defense counsel that he would consider it, but that he needed to speak the issue over with his supervisor.

11.     Around this same time frame, on either July 10, 2007 or July 11, 2007, the Government received information that Lisa Graham may had been involved in a serious state felony offense. The Government investigated the allegations and later determined them to be credible. The Government then telephoned defense counsel and informed her that it could not agree to the sentence of 188 months. The Government further told defense counsel that

---

[4] The daughter lives with her father.

because of some new information that had come to its attention, (1) it would not be calling Lisa Graham as a witness at sentencing and (2) it would no longer be seeking the enhancement for possession of the firearm during a crime of violence.

12.    The Government then told defense counsel that it would file a pleading with the Court to indicate its intention to withdraw the request for Wilson's sentencing enhancement.  Defense counsel agreed that under the circumstances, the appropriate sentence would be 180 months incarceration.

13.    The Government did not disclose the charges pending against Graham because they were neither *Brady* or *Gigilio* material.  Because it did not intend to call Graham as a witness at sentencing, the nature of the charges are not *Gigilio* material.  Because the placing of the photo in the mailbox had nothing to due with Wilson's guilt or innocence of the charges in this case – felon in possession of a firearm – it was not *Brady* material. Furthermore, because the Government did not intend to seek any sentencing enhancement for using Graham, and in fact, agreed to a lower sentence, the material did not relate to Wilson's sentencing.

14.    If defendant desires to withdraw his plea, the Government has no objection. If he desires to be sentenced, the Government agrees that the appropriate sentence under the plea agreement in this case is 180 months.[5]  In light of the facts of this case, however, there is no need to continue the sentencing in this matter.

---

[5] If Wilson does go to trial and is found guilty, then his estimated Guideline Range will be 235-293 months.

15. Moreover, no *Brady* violations were committed in this case. If anything, the Government was following its obligations and attempting to do what was right. If the Government wanted to be duplicitous, it would have withheld any information from the defense and just would have agreed to 188 months sentence that Wilson had requested from the United States. It did not. After learning of evidence that it considered to call into question the applicability of the enhancement, it, out a sense of fairness, withdrew the objection.

Respectfully submitted this the 8th day of August, 2007.

LEURA G. CANARY
United States Attorney

/s/ Christopher A. Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223.7280
334.223.7135 fax
christopher.a.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Jennifer Hart

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney