IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | CR. NO. 3:06cr141-MEF |
| **CLAUDE JEROME WILSON, II** | ) ) ) | |

## United States's Proposed Jury Instructions

The United States respectfully requests that the following Proposed Jury Instructions be given to the jury in this case. The United States also respectfully reserves the right to submit additional requests as developments in this case may warrant.

Respectfully submitted this 4th day of August, 2008,

                                                  LEURA G. CANARY
                                                United States Attorney

                                                /s/ Christopher A. Snyder
                                                CHRISTOPHER A. SNYDER
                                                Assistant United State Attorney
                                                131 Clayton Street
                                                Montgomery, AL 36104
                                                Phone: (334) 223-7280
                                                Fax: (334) 223-7135
                                                E-mail: christopher.a.snyder@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | CR. NO. 3:06cr141-MEF |
| ) | |
| **CLAUDE JEROME WILSON, II** ) | |
| ) | |

## Certificate of Service

I hereby certify that on August 4, 2008, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to Jon Carlton Taylor.

          Respectfully submitted,
          LEURA G. CANARY
          United States Attorney

          /s/ Christopher A. Snyder
          CHRISTOPHER A. SNYDER
          Assistant United State Attorney
          131 Clayton Street
          Montgomery, AL 36104
          Phone: (334) 223-7280
          Fax: (334) 223-7135
          E-mail: christopher.a.snyder@usdoj.gov

# Government's Requested Jury Instruction No. 1

« INTRODUCTION»

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the Indictment.[1]

---

[1] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 1 (Face Page, Introduction).

## Government's Requested Jury Instruction No. 2

« DUTY TO FOLLOW INSTRUCTIONS»

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.[2]

---

[2] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 2.1 (Duty to Follow Instructions).

## Government's Requested Jury Instruction No. 3

« PRESUMPTION OF INNOCENCE»

The Indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.[3]

---

[3] 11th Cir. Pat. Instr., Basic Instr. Crim. No. 2.1 (Presumption of Innocence).

## Government's Requested Jury Instruction No. 4

«DEFINITION OF REASONABLE DOUBT»

While the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning a Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.[4]

---

[4] 11th Cir. Pat. Instr., Basic Instr. Crim. No. 3 (Definition of Reasonable Doubt).

## Government's Requested Jury Instruction No. 5

«CONSIDERATION OF THE EVIDENCE:
ARGUMENT OF COUNSEL, COMMENTS BY THE COURT»

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.[5]

---

[5] 11th Cir. Pat. Instr., Basic Instr. Crim. No. 4.2 (Consideration of the Evidence: Argument of Counsel, Comments by the Court).

# Government's Requested Jury Instruction No. 6

«CONSIDERATION OF THE EVIDENCE:
DIRECT AND CIRCUMSTANTIAL»

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.[6]

---

[6] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 4.2 (Consideration of the Evidence: Direct and Circumstantial).

# Government's Requested Jury Instruction No. 7

«CREDIBILITY OF WITNESSES»

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?[7]

---

[7] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 5 (Credibility of Witnesses).

# Government's Requested Jury Instruction No. 8

«IMPEACHMENT – INCONSISTENT STATEMENT»

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[8]

---

[8] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 6.1 (Impeachment – Inconsistent Statement).

## Government's Requested Jury Instruction No. 9

«EXPERT WITNESSES»

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.[9]

---

[9] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 7 (Expert Witnesses).

## Government's Requested Jury Instruction No. 10

«SIMILAR ACTS EVIDENCE (RULE 404(B), FRE)»

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of the defendant which may be similar to those charged in the Indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the Indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the Indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether the defendant had the knowledge or intent necessary to commit the crime charged in the Indictment. It may also be used to consider if the defendant's conduct was committed with an absence of mistake.[10]

---

[10] 11th Cir. Pat. Instr. Crim., Special Instr. No. 4 (Similar Acts Evidence (Rule 404(b), FRE)).

# Government's Requested Jury Instruction No. 11

«INTRODUCTION TO OFFENSE INSTRUCTIONS»

At this time I will explain the Indictment against Defendant Claude Jerome Wilson. I will not read it to you at length because you will be given a copy of the Indictment for reference during your deliberations.[11]

The Indictment has one count, charging that within the Middle District of Alabama, the defendant knowingly possessed a firearm in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(1).

---

[11] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 8, ¶1. (Introduction to Offenses).

## Government's Requested Jury Instruction No. 12

«OFFENSE CONDUCT INSTRUCTION –
FELON IN POSSESSION OF A FIREARM – 18 U.S.C. §922(G)(1)»

Title 18, United States Code, Section 922(g)(1), makes it a Federal crime or offense for anyone who has been convicted of a felony offense to possess any firearm in or affecting interstate commerce.  The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:   That the Defendant knowingly possessed a firearm in or affecting interstate commerce, as charged; and

Second:   That before the Defendant possessed the firearm the Defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer.  The term "interstate commerce" includes the movement of a firearm between any place in one state and any place in another state.

It is not necessary for the Government to prove that the Defendant knew that the firearm had moved in interstate commerce before the Defendant possessed it, only that it had made such movement.[12]

---

[12] 11th Cir. Pat. Instr. Crim., Offense Instr. No. 34.6 (Possession of a Firearm By a Convicted Felon).

## Government's Requested Jury Instruction No. 13

«ON OR ABOUT; KNOWINGLY»

You will note that the Indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the Indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.[13]

---

[13] 11th Cir. Pat. Instr. Crim. No. 9.2 (On or About; Knowingly (Only); (When Willfulness or Specific Intent Is Not An Element)).

# Government's Requested Jury Instruction No. 14

## «POSSESSION»

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession. A person who knowingly has direct physical control of something is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it. If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint.

Whenever the word "possession" has been used in these instructions it includes constructive as well as actual possession, and also joint as well as sole possession.[14]

---

[14] 11th Cir. Pat. Instr. Crim., Special Instr. No. 6 (Possession).

## Government's Requested Jury Instruction No. 15

«CONSCIOUSNESS OF GUILT»

Intentional flight by a person immediately after a crime has been committed or after that person has been accused of a crime that has been committed is not, of course, sufficient in itself to establish the guilt of that person, but intentional flight under those circumstances is a fact which, if proved, may be considered by the Jury in the light of all the other evidence in the case in determining the guilt or innocence of that person.

Whether or not the defendant's conduct constituted flight is exclusively for you, as the Jury, to determine. And if you do so determine whether or not that flight showed a consciousness of guilt on his part and the significance to be attached to that evidence are also matters exclusively for you as a jury to determine.

I do remind you that in your consideration of any evidence of flight, if you should find that there was flight you should also consider that there may be reasons for this which are fully consistent with innocence. And may I also suggest to you that a feeling of guilt does not necessarily reflect actual guilt of a crime which you may be considering.[15]

---

[15] *United States v. Borders*, 693 F.2d 1318, 1327-28 (11th Cir. 1982); *see also United States v. Wright*, 392 F.3d 1269, 1277-78 (11th Cir. 2004); *United States v. Myers*, 550 F.2d 1036, 1049 (5th Cir. 1977); *United States v. v. Blackburn*, 165 Fed. Appx. 723, 723 (Jan. 23, 2006); *United States v. Simmerer*, 156 Fed. Appx. 124, 127 (11th Cir. Nov. 16, 2005); 1 L. Sand et al., *Modern Federal Jury Instruction*, 2002.

# Government's Requested Jury Instruction No. 16

«VERDICT»

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

[Explain verdict form]

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.[16]

---

[16] 11th Cir. Pat. Instr. Crim., Basic No. 12 (Verdict).

## Government's Requested Jury Instruction No. 17

«DUTY TO DELIBERATE»

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges–judges of the facts. Your only interest is to seek the truth from the evidence in the case.[17]

---

[17] 11th Cir. Pat. Instr. Crim., Basic No. 11 (Duty to Deliberate).