IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:06-cr-141-MEF |
| | ) | |
| | ) | |
| | ) | |
| **CLAUDE JEROME WILSON II** | ) | |

## MOTION IN LIMINE

**COMES NOW** the Defendant, Claude Jerome Wilson II, by and through undersigned counsel, J. Carlton Taylor, and respectfully moves this Court to exclude, to wit: (1) all references to the Defendants criminal history and/or any record or allegation thereof, to include any reference to any and all pending, non-adjudicated cases against the Defendant;  (2) any and all reference to any alleged drug use, as well as any and all reference to any drug evidence seized by the Government during a search of the Defendant's residence;  (3)  any and all reference to any uncharged conduct against the Defendant in association with the allegations as set forth in the indictment.

This motion is made pursuant to the Defendant's rights under the Fifth, Sixth and Eighth Amendments to due

process, to the right to present a defense, and to a fundamentally fair trial, as further described *in Kyles v. Whitley,* 115 S.Ct. 155 (1995), *Brady v., Maryland,* 373 U.S. 83 (1963); *United States v. Bagley,* 474 U.S. 667 (1985); *Giglio v. United States,* 405 U.S. 150, (1972) and *Roviaro v. United States,* 353 U.S. 53,77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

   In support thereof, Wilson would show as follows:
(1)  That the Government intends to present in its case-in-chief, evidence of the Defendant's prior conviction(s). That the Defendant stipulates that he has at least one prior felony conviction punishable by a sentence of at least one year and one day.
(2)   That the facts and circumstances of any of the alleged prior bad acts do not conform to the requirements of Rule 404 (b) of the Federal Rules of Evidence and are therefore inadmissible.
(3)  That any relevancy which this evidence possesses is far outweighed by its tendency to inflame the emotions of the jury.  Clearly, the prejudicial tendency of this evidence, to cause the jury to decide this case on emotional grounds,

substantially outweighs any probative force that it might have in the present case.

(4) Any probative value possessed by the evidence is substantially outweighed by its tendency to confuse the jury.

(5) The relevancy of this evidence, if any, is substantially outweighed by its tendency, in the minds of the jurors, to multiply the issues beyond those material to the case.

(6) The Defendant argues that the probative value of the prior convictions in this case is far outweighed by the prejudicial effect the same would have on the jury, especially if the Government were allowed to present this evidence in its case-in-chief. Further, by stipulating to the prior conviction, the Defendant has removed the Government's requirement to prove a conviction as an essential element of the crime charged in the indictment.

(7) That any evidence of alleged drugs and/or drug paraphernalia seized during the search of the Defendant's residence is uncharged conduct. Further, as of the filing of this motion, the undersigned is unaware of any forensic examination either of the alleged drugs and/or the

paraphernalia; nor is the defense aware of any expert witness who intends to testify to the same.

(8) That the aforementioned evidence of prior convictions and/or drug possession could only be used to "to prove the character of [the Defendant] in order to show action in conformity" with the charges as alleged in the indictment. Further, the prior convictions of the Defendant do not show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident".

(9) That Rule 404(b) of the Federal Rules of Evidence clearly indicates that such evidence is inadmissible unless such an exclusion exists to allow such evidence for a permissible purpose.

**WHEREFORE, PREMISES CONSIDERED,** the Defendant prays this Honorable Court Order the U.S. Attorney's Office to make no reference to (1)  the Defendants criminal history and/or any record or allegation thereof, to include any reference to any and all pending, non-adjudicated cases against the Defendant;  (2) any alleged drug use as well as any drug evidence seized by the Government during a search of the Defendant's residence; and (3)  any uncharged

conduct against the Defendant in association with the allegations as set forth in the indictment.

    **RESPECTFULLY SUBMITTED,** this the 4th day of August, 2008.

                  _____s//J. Carlton Taylor_____
                   J. CARLTON TAYLOR
                   Attorney for the Defendant
                   ASB 5037-L53J
                   5748 Carmichael Parkway Suite D
                   Montgomery, Alabama 36117
                   (334) 244-0447
                   (334) 244-0794
                   jtaylor@fullerandtaylor.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 4th day of August, 2008, I electronically filed the foregoing Motion in Limine with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christopher A. Snyder, AUSA
Verne Spears, AUSA
Office of the U.S. Attorney
Middle District of Alabama
PO Box 197
Montgomery AL 36101-0197

                                        s//J. Carlton Taylor
                                 J. CARLTON TAYLOR
                                 Attorney for the Defendant
                                 ASB 5037-L53J
                                 5748 Carmichael Parkway Suite D
                                 Montgomery, Alabama 36117
                                 (334) 244-0447
                                 (334) 244-0794
                                 jtaylor@fullerandtaylor.com