IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| **v.** | ) ) | **CR. NO. 3:06cr141-MEF** |
| **CLAUDE JEROME WILSON, II** | ) ) ) | |

**United States's Motion in Limine to Prevent
Testimony or Argument Regarding Irrelevant Matters**

The United States moves to exclude any testimony or argument regarding (1) the pending capital murder case of Defendant Claude Jerome Wilson, II's sister Lisa Graham, (2) Wilson's desire to cooperate in those cases, or (3) any delay that has resulted since indictment of this case. Such testimony is irrelevant and would only mislead and confuse the jury.

1. On June 14, 2006, Claude Wilson was charged in a one-count Indictment with being a felon in possession of a firearm. The evidence tendered in this case essentially consisted of Wilson posing for a photograph brandishing a Glock 9mm handgun shortly after Christmas, 2004. The photo later was found in the mailbox of a woman, who Wilson had been convicted of stalking. Task Force Officer Keith Jordan then went to visit Wilson. Wilson admitted to posing for the picture and to having possessed the gun, which he stated belonged to his sister, Lisa Graham. Officer Jordan then went to Graham's house and obtained the Glock 9mm.

2. Later, on or about July 10, 2007, Graham was arrested and is currently

imprisoned on two Russell County Circuit Court cases; case number CC-2007-000687.00 (Capital Murder-Shots Fired from a Vehicle) and number CC-2007-000686.00 (Capital Murder for Hire). It is anticipated that defense counsel may attempt to introduce evidence or make argument in relation to (1) Lisa Graham's pending state charges, (2) Wilson's desire to cooperate in that case, or (3) the amount of delay in this case since its indictment.

3. None of these, however, bear any relation to the charges in this case and are completely irrelevant. Fed.R.Evid. 401 provides that evidence is "relevant" if it has "any tendency to make the existence of any (material) fact . . . more probable or less probable than it would be (otherwise) . . . ." "This definition has been construed to impose two requirements, both of which must be met before evidence is admitted: (1) [Relevancy, *i.e.*,] [t]he evidence must be probative of the proposition it is offered to prove [relevancy], and (2) [materiality, *i.e.*,] the proposition to be proved must be one that is of consequence to the determination of the action."[1]

4. First, Graham's pending state charges and Wilson's desire to cooperate in them are completely irrelevant to this case. Moreover, they will needless confuse the jury regarding the actual issue in this case – whether Wilson was a felon in possession of a firearm. Worse still, if elicited on cross examination, such questions to Graham about her pending state case would infringe on her Fifth Amendment rights.[2] Such questions or

---

[1] *United States v. Glasser*, 773 F.2d 1553, 1560 (11th Cir. 1985) (citations omitted).

[2] Even if they did not, Fed. R. Evid. 607, 608, and 609 do not provide for impeachment of a witness by pending criminal charges. And, such impeachment is irrelevant Graham's truthfulness. *See* Fed. R. Evid. 401, 608.

argument should be prohibited.

5.     Second, any mention of delay since the indictment of this case should be excluded. Not only is it irrelevant, but it is misleading to the jury. After his arraignment, Wilson moved to continue this case on two occasions–on November 13, 2006, and on May 30, 2007– either for his psychiatric evaluation or to continue sentencing after he had pleaded guilty. After Graham was arrested and Wilson withdrew his plea, on three occasions–September 12, 2007, December 20, 2007, and April 1, 2008–Wilson moved to continue his trial, mostly based upon the fact that he intended to testify in his sister's state murder case. On each occasion, the United States did not oppose a continuance, based on an understanding between counsel that Wilson would not go to trial, if at all, until after he completed his testimony in his sister's trial. Therefore, because it was Wilson himself who caused the delay, he should not now be permitted to try to benefit from the delay he caused.

Therefore, because none of this evidence is relevant to this case and because it will at a minimum only confuse the jury, it should be excluded.

Respectfully submitted this 4th day of August, 2008,

                                          Respectfully submitted,

                                          LEURA G. CANARY
                                          United States Attorney

                                          /s/ Christopher A. Snyder
                                          CHRISTOPHER A. SNYDER
                                          Assistant United State Attorney
                                          131 Clayton Street
                                          Montgomery, AL 36104
                                          Phone: (334) 223-7280

                        Fax: (334) 223-7135
                        E-mail: christopher.a.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on August 4, 2008, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to Jon Carlton Taylor.

                        /s/ Christopher A. Snyder
                        CHRISTOPHER A. SNYDER