## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO. 3:06cr141-MEF** |
| | ) | |
| **CLAUDE JEROME WILSON, II** | ) | |
| | ) | |

---

### United States's Motion in Limine to Prevent Introduction of Expert Testimony

---

The United States moves to exclude Defendant Claude Jerome Wilson's introduction of the expert testimony of Phillip B. Scarsbrook.[1]  On July 30, 2008, over two years after his arraignment in this case, Wilson first indicated that he might use this expert.[2]  Moreover, the United States has not received any expert report from Mr. Scarsbrook as is required under Fed. R. Crim. P. 16.  To allow such testimony at this juncture is not permitted, unjustified, and unfair.

**I.     Exclusion of Expert Testimony Is Warranted Due to Violation of Fed. R. Crim. P. 16(b)(1)(C).**

Federal Rule of Criminal Procedure 16(b)(1)(C) provides in pertinent part:

The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under

---

[1] Wilson, through his attorney, also orally mentioned for the first time last Friday that he may seek to introduce a diminished capacity defense.  As a the filing of this motion, the Government has received no Fed. R. Crim P. 12.2 notice of such a defense.  Regardless, such a defense is not permitted under Insanity Defense Reform Act, which eliminated "any form of legal excuse based upon . . . diminished ability or failure to reflect adequately upon the consequences or nature of one's actions." *United States v. Cameron*, 907 F.2d 1051, 1061 (11th Cir. 1990).

[2] See Ex. 1 (attached).

Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial,
if –

(i) the defendant requests disclosure under subdivision (a)(1)(G)
and the government complies; or

. . .

This summary must describe the witness's opinions, the bases and reasons for
those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(b)(1)(C). The court may prohibit a party from introducing the
undisclosed evidence if that party fails to comply with Rule 16. *See* Fed. R. Crim. P.
16(d)(2)C).

In this case, Defendant failed to disclose his expert witness to the Government within
the time permitted by the Court or in compliance with Rule 16. The Government requested
disclosure of expert witnesses from Defendant on or about July 27, 2006, and received no
information from Defendant in response.

The Court ordered that Defendant disclose his expert witnesses on or before August
2, 2006, and again, no information from Defendant was received by the Government.[3] In
addition, in none of the multiple pretrial conferences held in this case, did defense counsel
ever provided the Government with any expert witness disclosure. *See* Fed. R. Crim. P.
16(c) ("A party who discovers additional evidence or material before or during trial must

---

[3] Paragraph 4 of the Standing Order on Criminal Discovery provides:

Disclosures by the Defendant. If defendant accepts or requests disclosure of
discoverable information pursuant to Fed. R. Crim. P. 16(a)(1)(C), (D), or (E),
defendant, on or before a date set by the court, shall provide to the government all
discoverable information within the scope of Fed. R. Crim. P. 16(b).

(Cr. Misc. # 534).

promptly disclose its existence to the other party . . . .")  Yet, a week and a half prior to trial and nearly two *years* after the Court ordered deadline for such disclosure, Defendant surprises the Government with notice of an expert witness.  Such blatant disregard for this Court's deadlines and Rule 16 should not be permitted, and warrants exclusion of the expert testimony under Fed. R. Crim. P. 16(d)(2)(C).

Further, the belated disclosure of Defendant's expert witness does not satisfy Defendant's obligations under Rule 16(b)(1)(C) as no opinions of the expert, report from the expert, nor bases and reasons for the expert's opinions have been disclosed to the Government.  Consequently, the Government is substantially prejudiced as it has had no opportunity to prepare for this expert, seek its own expert, or even have an expert examine the substance of Mr. Scarsbrook's opinion because no such opinion has been provided by Defendant.  Due to Defendant's belated disclosure of its proffered expert and the failure to comply with the Rule 16, the United States submits that this Court should preclude Defendant's expert from testifying at trial.  In the alternative, the United States requests that the Court schedule a *Daubert* hearing.

Respectfully submitted this 4th day of August, 2008,

Respectfully submitted,

LEURA G. CANARY
United States Attorney

/s/ Christopher A. Snyder
CHRISTOPHER A. SNYDER
Assistant United State Attorney
131 Clayton Street

-3-

Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 4, 2008, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to Jon Carlton Taylor.

/s/ Christopher A. Snyder
CHRISTOPHER A. SNYDER